[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10347

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RAFAEL ALEMAN-RIVERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:18-cr-00596-VMC-CPT-8

_____

Before NEWSOM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Rafael Aleman-Rivera appeals his sentence of 180 months' imprisonment for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, which was a downward variance from the advisory guideline range of 210 to 262 months. On appeal, Aleman-Rivera argues that his sentence was procedurally unreasonable because the District Court failed to consider each of the 18 U.S.C. § 3553(a) factors, including the need to protect the public from the defendant's future crimes.

## I.

Aleman-Rivera entered a plea of guilty, which was accepted by the United States District Court for the Middle District of Florida. At the end of Aleman-Rivera's sentencing hearing, the District Court said,

> Let me first acknowledge the factors to consider in imposing sentence as set forth in Section 3553(a) of Title 18. The sentence should reflect the seriousness of the offense, promote respect for the law, act as a deterrent, and should be sufficient but not greater than necessary to achieve those purposes.
>
> I don't think danger to the community is a consideration as we sit here today, but I do echo a comment [the government] made, that the impact of cocaine on our communities is well known and well

documented.  Whether it contributes to drug addic-
tion or worse, the collateral crimes, it is a danger and
has been a danger to our community.

Tr. of Sentencing 92.  Aleman-Rivera did not object to the
final sentence afterwards.

## II.

We generally review the procedural reasonableness of a sen-
tence for an abuse of discretion.  *Gall v. United States*, 552 U.S. 38,
51, 128 S. Ct. 586, 597 (2007).  When a defendant does not raise a
relevant objection at the time of sentencing, however, we review
for plain error.  *United States v. Vandergrift*, 754 F.3d 1303, 1307
(11th Cir. 2014).  Plain error is error that is plain, that affects a de-
fendant's substantial rights and seriously affects the fairness, integ-
rity, or public reputation of judicial proceedings.  *United States v.
Clark*, 274 F.3d 1325, 1326 (11th Cir. 2001).

The district court must impose a sentence sufficient, but not
greater than necessary, to comply with the purposes listed in
§ 3553(a)(2), including the need to reflect the seriousness of the of-
fense, promote respect for the law, provide just punishment for the
offense, deter criminal conduct, and protect the public from the de-
fendant's future criminal conduct.  18 U.S.C. § 3553(a)(2)(A)–(C).
In imposing a particular sentence, the court must also consider the
nature and circumstances of the offense, the history and character-
istics of the defendant, the kinds of sentences available, the applica-
ble guideline range, the pertinent policy statements of the Sentenc-
ing Commission, the need to avoid unwarranted sentencing

disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)–(7).

A sentence may be procedurally unreasonable if the district court improperly calculates the guideline range, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, sentences based on clearly erroneous facts, or fails to adequately explain its chosen sentence.  *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  The district court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors.  *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).  Generally, "[a]n acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice."  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Here, the District Court's sentence was procedurally reasonable because it adequately considered the § 3553(a) factors, including the need to protect the public from Aleman-Rivera's future criminal conduct.  Though the appellant's brief quotes part of the District Court's words, it quotes them selectively.  Appellant's Br. at 13.  While the District Court may not have identified the need to protect the public from future crimes by the defendant in the quoted portion, 18 U.S.C. § 3553(a)(2)(C), the Court clearly addressed this factor in the very next sentence.  Accordingly, we affirm.

**AFFIRMED.**